FILED
2026 Nov-16 AM 10:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LUCAS WILLIAMS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SERGIO JIMENEZ, *et al.*,**<br><br>**Defendants.** | **Case No. 2:26-cv-39-HDM** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon a *sua sponte* review of the record of this case. For the reasons set forth herein, Plaintiff Lucas Williams's Complaint, (doc. 1), is due to be **DISMISSED WITHOUT PREJUDICE** for his failure to prosecute.

## I. BACKGROUND

Plaintiff Lucas Williams, proceeding *pro se*, commenced this action on January 9, 2026. (Doc. 1). The "substance" of his Complaint is so short that it may be reproduced in full:

1. Upon information and belief, Defendants conspired with individuals in LT-325749-22/KI, in which the next court appearance is scheduled for 2/4/2026 before Defendant Sergio Jimenez,
2. All defendants conspired together in violation of due process,
3. This Court has jurisdiction under federal law.

*Id.* at 1. Without elaborating on these barebones allegations, Williams demands a jury trial and "compensatory damages and punitive damages estimated over $500,000." *Id.*

The same day he filed his Complaint, Williams also moved for permission to proceed *in forma pauperis*. (Doc. 2). Although the court granted Williams's motion, it also screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and noted that it "is wholly devoid of factual allegations" and "consists of a single conclusory allegation that the defendants conspired together to deny due process." (Doc. 4 at 4–5). The court ordered Williams to show cause in writing, on or before January 30, 2026, why this action should not be dismissed for failure to state a claim on which relief can be granted, *id.* at 5–6, and explicitly informed him that his failure to do so could result in dismissal without further notice, *id.* at 7. As of the date of this Memorandum Opinion and Order, more than nine months have passed since Williams's January 30th deadline and he has neither responded to the court's order nor given any indication that he intends to continue prosecuting this case.

## II. ANALYSIS

"A district court need not tolerate defiance of reasonable orders," *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009), even by a party who is representing himself, *see, e.g.*, *Moon v.*

*Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (*pro se* parties must obey court orders). Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it," Fed. R. Civ. P. 41(b), and the Eleventh Circuit has held that a court may act *sua sponte* pursuant to this rule as part of its inherent authority to manage its own docket, *see, e.g.*, *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon*, 863 F.2d at 837. This court is not obliged to overlook Williams's nine-months-and-counting failure to follow a direct, unambiguous order, *Equity Lifestyle Props., Inc.*, 556 F.3d at 1241, and his Complaint is due to be dismissed pursuant to Rule 41(b) and, by extension, the court's inherent authority, *Betty K Agencies, Ltd.*, 432 F.3d at 1337; *Moon*, 863 F.2d at 837.

A dismissal for failure to obey a court order should be with prejudice "*only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38 (quotation marks omitted). Negligence is insufficient to support a dismissal with prejudice, *Powell v. Siegal*, 447 Fed. App'x 92, 93 (11th Cir. 2011) (per curiam), and this court generally does not find a clear pattern of delay or willful contempt unless the plaintiff

has demonstrated sustained, recurring disobedience, *compare Barker v. Fabarc Steel Supply Inc.*, No. 1:23-cv-625, 2025 WL 480798, at *1 (N.D. Ala. Feb. 12, 2025) (dismissing a complaint with prejudice because the plaintiff "repeatedly failed to respond to filings and court orders"), *with Eidson v. Albertville Auto Acquisitions, Inc.*, No. 4:19-cv-459, 2022 WL 3229950, at *4 (N.D. Ala. Aug. 10, 2022) (dismissing a complaint without prejudice because "months of . . . inaction . . . argues in favor of deeming that delay to be the result of 'negligence' rather than 'willful contempt.'"). The scant record of the case does not permit the court to find that Williams demonstrated a clear, sustained pattern of delay or willful contempt, *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38, and it is equally likely that he acted with mere negligence, *Powell*, 447 Fed. App'x at 93.

## III. CONCLUSION

For all the reasons set forth herein, Plaintiff Lucas Williams's Complaint, (doc. 1), is **DISMISSED WITHOUT PREJUDICE** for his failure to prosecute. The court will enter a separate final judgment.

**DONE** and **ORDERED** on November 16, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE